NANNA ET AL., APPELLANTS, *v.* VILLAGE OF MCARTHUR ET AL., APPELLEES.

[Cite as Nanna v. Village of McArthur
(1974), 44 Ohio App. 2d 22.]

(No 346—Decided October 1, 1974.)

*Mr. M. M. Carlisle* and *Mr. Frederick L. Newdick*, for appellants.

*Mr. Nicholas J. Holmes, Jr.*, for appellees.

STEPHENSON, P. J. This is an appeal from the judgment of the Common Pleas Court of Vinton County entered upon a directed verdict in favor of the Village of McArthur and Ira L. Gill, defendants below and appellees herein, against Wanda N. Nanna and Larry Nanna, plaintiffs below and appellants herein.

The following errors are assigned:

"1. That the finding of the trial judge is contrary to law.

"2. That said finding by said Court is contrary to the weight of the evidence.

"3. The trial court committed gross prejudicial errors when he sustained a motion of opposing counsel pursuant to Rule 50 of the Rules of Civil Procedure when he directed a verdict for the Defendant in this cause.

"4. That said verdict contains prejudicial errors and misconduct on the part of the trial judge as shown by remarks in the record on pages 109-110.

"5. Other prejudicial errors as manifest upon the face of the record, including admission of evidence offered by the Defendant which was improper and the refusal to receive into the record, evidence offered by the Plaintiffs and which was relevant and which should have been admitted.

"6. The trial court committed prejudicial errors in his construction of the law relating to this cause.

"7. The record is replete with unfinished sentences and the reporter apparently when she didn't have a complete record she blamed it on the attorney.

"8. The court committed further prejudicial errors in permitting the opposing counsel to argue facts and law before the jury.

"9. Other errors apparent upon the face of the record which will be evident to this Court showing bias and prejudice to M. M. Carlisle and also Frederick Newdick, his co-counsel, of counsel for the Plaintiffs, and which record will show throughout the trial of this case that Judge Lohr had a bias and prejudice against them.

"10. Other errors manifest upon the face of the record which will not be dealt with in this brief, but argued orally."

The record reflects that on November 15, 1969, the village of McArthur, an Ohio municipal corporation, had in force a contract with Clinton Township, located in Vinton County, where the village, in substance, agreed for a consideration to use its fire equipment and personnel to an-

swer fire calls in the township. The validity of the contract was not an issue below.

On November 15, 1969, defendant Ira L. Gill received a call of a fire at a Reasoner Implement Company located in Clinton Township. In response, Mr. Gill drove a fire tanker, designated as Engine Number Three, south on State Route 93, a two lane highway, to the scene of the fire, approximately five miles south of the village.

At about the time the engine neared the north entrance to the parking lot of the Reasoner Company, located on the east side of the highway, Wanda R. Nanna was operating an automobile in a northerly direction on Route 93. When the engine turned left into the lot, it was struck on the right rear by the automobile operated by Mrs. Nanna. Whether the engine's emergency lights and sirens were operating were disputed questions of fact.

Mrs. Nanna claimed certain injuries as a result of the collision and instituted suit against both the village of McArthur and Mr. Gill. Her husband, Larry Nanna, joined in the suit with a derivative cause of action. At the conclusion of the plaintiffs' evidence, presented to a jury, the trial court directed a verdict in favor of the defendants.

The beginning point in resolution of this appeal is the recognization of the long standing distinction in Ohio of the principle that municipalities are liable for negligence with respect to the exercise of powers and functions proprietary in character and not liable in the exercise of powers and functions governmental in character. *Williams* v. *Columbus* (1973), 33 Ohio St. 2d 75; *Hyde* v. *City of Lakewood* (1965), 2 Ohio St. 2d 155; *Broughton* v. *City of Cleveland* (1957), 167 Ohio St. 29. The rationale behind distinguishing between governmental and proprietary functions in determining liability is that in performing the former a city acts as the agent of the state in the exercise of sovereign powers. The state cannot be sued without its consent and, therefore, the municipality cannot be sued. Proprietary functions are acts performed in the pursuit of private or corporate duties for the particular benefit of the corporation and its inhabitants. While performing these functions, municipalities do not act as agents of the state in the

exercise of its sovereign powers and the corporation is liable for its negligent acts. *City of Wooster* v. *Arbenz* (1927), 116 Ohio St. 281.

Recognizing the difficulty of properly classifying a particular function in a given case, it is well settled that the operation of a fire department is a governmental function. *Hall* v. *Youngstown* (1968), 15 Ohio St. 2d 160; *B. D. Wheeler* v. *The City of Cincinnati* (1869), 19 Ohio St. 19; *Aldrich* v. *City of Youngstown* (1922), 106 Ohio St. 342 (Dictum); *Frederick* v. *City of Columbus* (1898), 58 Ohio St. 538.

It does not follow, however, that as to every governmental function the state or a municipality is immune from liability. The Ohio Constitution, by amending Article I, Section 16, in 1912, abolished the defense of governmental immunity. Such amendment was not, however, self executing and statutory consent to suit was determined to be a pre-requisite for the imposition of liability. *Krause* v. *State* (1972), 31 Ohio St. 2d 132; *Raudabaugh* v. *State* (1917), 96 Ohio St. 513. The state has now granted consent to suits against it via a Court of Claims, through Am. Sub. H. B. No. 800.

The General Assembly has waived the immunity of municipalities with respect to liability for defects in sidewalks and streets by enacting what is now R. C. 723.01. Likewise, with respect to the operation of vehicles by a municipality, immunity has been waived, with limitations, by R. C. 701.02, which provided at the time of the accident in this case the following:

"Any municipal corporation shall be liable in damages for injury or loss to persons or property and for death by wrongful act caused by the negligence of its officers, agents, or servants while engaged in the operation of any vehicles upon the public highways of this state, under the same rules and subject to the same limitations as apply to private corporations for profit, but only when such officer, agent, or servant is engaged upon the business of the municipal corporation.

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a gov-

ernmental function, shall be a full defense as to the negligence of:

"(A) Members of the police department engaged in police duties;

"(B) Members of the fire department while engaged in duty at a fire, or while proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm.

"Firemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle in the performance of a governmental function.

"Policemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle while responding to an emergency call."

A 1972 amendment was made by the General Assembly to sub-section (A), which restricted the exception to the operation of a motor vehicle by a member of a police department while responding to an emergency call (134 Ohio Laws 342). The change is not relevant to this appeal.

It is apparent that the General Assembly intended by such statute to abolish immunity for municipalities in the operation of motor vehicles even though a governmental function is involved, except where a fire department is in the process of fighting a fire, proceeding to a place where a fire is believed to be, or answering other emergency alarms. *Rankin* v. *Sander* (1953), 96 Ohio App. 40. The statute also created a personal immunity to the members of the fire department while operating a motor vehicle in the performance of a governmental function. See 3 Akron Law Review 188 for a detailed analysis of R. C. 701.02.

Counsel for the plaintiffs, at oral argument, urged that this court hold R. C. 701.02 to be in conflict with Section 16, Article I of the Ohio Constitution because it denies citizens access to the courts. The question is foreclosed here since such issue was not raised in the trial court. We note, however, that such statute has already been held to be constitutional. *McDermott* v. *Irwin* (1947), 148 Ohio St. 67.

It logically follows from the above that had the acci-

dent occurred in the village of McArthur, the village would have been immune under the uncontroverted fact that the engine was going to the place of a fire and Mr. Gill would have been immune by reason of the fact that he was operating the vehicle in the performance of a governmental function. It is immaterial to the liability of either whether Mr. Gill may have been negligent by violating, in some way, the provisions of the Uniform Traffic Code. See *Agnew* v. *Porter* (1970), 23 Ohio St. 2d 18.

Does the fact that the collision occurred outside the municipal limits of the village of McArthur create liability where it did not exist inside the corporate limits? We hold it does not.

First, the reasons upon which the courts have consistently held, in Ohio and elsewhere, that fire protection is a governmental function, being a sovereign obligation, apply with equal force wherever the fire occurs and does not rest upon artificially drawn boundary lines. Second, that the General Assembly recognized the function of fighting fires, pursuant to contracts entered into with those outside the geographical limits of a municipality, to be govermental with no waiver of immunity is attested to by the fact that R. C. 717.02, which authorizes municipalities to enter into such contracts, contains the following:

"Section 701.02 of the Revised Code, so far as it is applicable to the operation of fire departments, applies to the political subdivision and fire department members when such members are rendering service outside of their own subdivision pursuant to this section."

See also R. C. 505.44, which authorizes such contracts by townships and which contains an identical provision.

Finally, we would note in this respect that the payment by the township does not alter the fact that basically such contracts are for the benefit of the township and add little, if anything, to the growth or prosperity of the municipality and its inhabitants—a fact upon which a proprietary function claim must rest. Outside of Ohio, it has been held that the governmental character of a fire department is not altered because it has entered into a contract for compensation outside the municipality. *Valevais* v. *City of New*

*Bern* (1970), 10 N. C. App. 215, 178 S. E. 2d 109; *Banks* v. *City of Albany* (1951), 83 Ga. App. 640, 64 S. E. 2d 93; *Canade* v. *Town of Blue Grass'* (Iowa, 1972), 195 N. W. 2d 734; 18 McQuillen, Municipal Corporations 272, Section 5353.

For the reasons above set forth, the first, third and sixth assignments of error are overruled. The second assignment of error is overruled for the reason that in ruling upon a motion for a directed verdict, the weight of the evidence is not a proper consideration. *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82. Rather, the court construes the evidence most strongly in favor of the non-moving party and sustains the motion only when, after so construing the evidence, it finds reasonable minds could come to only one conclusion upon the evidence, and it is adverse to the non-moving party. Here the material facts were not in dispute and the direction of the verdict under the applicable law was proper. The fifth assignment of error, respecting the admission and rejection of evidence, is not supported in the brief. In any event, the material facts were before the court and error, if any, in this respect was not prejudicial. The seventh assignment of error is, at best, only a statement as to the condition of the record and is not a ground for reversal.

Assignments of error numbers four, eight and nine respecting an alleged bias against counsel in allowing arguments of law in front of the jury are, likewise, overruled since the pivotal issue in this appeal is the correctness of the direction of the verdict. Assignment of error number 10 is overruled for the reason that Appellate Rule 16(A) requires assignments of error to be in writing, and Appellate Rule 12 requires the appeal to be determined upon the written assignments of error.

Finding no prejudicial error intervening below in the errors assigned and argued, the judgment is affirmed.

*Judgment affirmed.*

ABELE and GRAY, JJ., concur.