HANKISON, A MINOR, ET AL.,
APPELLANTS, *v.*
BROWN ET AL., APPELLEES.

(No. 81AP-80—Decided December 1, 1981.)

Messrs. *Wolske & Blue, Mr. Gerald S. Leeseberg* and *Mr. Rick Blawer,* for appellants.

Messrs. *Baldwin, Menapace & Sheppard* and *Mr. William A. Gardner,* for appellees.

WHITESIDE, J. Plaintiffs appeal from a judgment of the Franklin County Court of Common Pleas and raise a single assignment of error, as follows:

"The trial court erred to the substantial prejudice of plaintiffs in denying plaintiffs' challenge for cause of prospective juror, Carol Schumacher."

The record reflects that plaintiffs used all of their peremptory challenges, the second with respect to prospective juror Schumacher, after the trial court overruled a challenge for cause. Prospective juror Schumacher was called to replace a prospective juror peremptorily challenged by plaintiffs.

During voir dire, counsel for plaintiffs asked prospective juror Schumacher whether this was "the right kind of case" for her. Her response was, "I don't feel it is because I don't approve of children riding minibikes." The witness further gave a negative response to a question posed by counsel for defendants as to whether she felt she could "be fair and impartial on this particular case," answering, "No, sir, I do not." The record reflects that counsel for plaintiffs then requested that prospective juror Schumacher be excused for cause which was denied by the trial court without explanation, it stating merely, "that request will not be granted." R.C. 2313.42 provides in pertinent part as follows:

"The following are good causes for challenge to any person called as a juror:

"* * *

"(J) That he discloses by his answers that he cannot be a fair and impartial juror * * *."

By her answers to the questions posed by both counsel for plaintiffs and counsel for defendants, prospective juror Schumacher expressly stated she could not be a fair and impartial juror in this case. The record reflects no basis for a contrary conclusion, even assuming that the trial court felt prospective juror Schumacher was merely attempting to avoid jury duty. Of significance is R.C. 2313.43, which provides that jurors may be challenged for reasons in addition to those stated in R.C. 2313.42 and that a challenge shall "be sustained if the court has any doubt as to the juror's being entirely unbiased." The trial court erred in overruling the challenge for cause with respect to prospective juror Schumacher under the circumstances herein involved.

While, under some circumstances, error in overruling a challenge for cause may not be prejudicial, we find no basis for so finding in this case. The record indicates that plaintiffs utilized all of their peremptory challenges. The verdict for defendants was concurred in by only six of the eight members of the jury. No contention is made that this was not a case which could have been decided either for plaintiffs or for defendants upon the evidence adduced. Cf. *State* v. *Berry* (1971), 25 Ohio St. 2d 255 [54 O.O.2d 374]. See, also, *Palmer* v. *State* (1885), 42 Ohio St. 596, and *Dew* v. *McDivitt* (1876), 31 Ohio St. 139. Accordingly, the assignment of error is well taken predicated upon the record before us demonstrating no basis for overruling a challenge for cause, the prospective juror having expressly stated she could not be fair and impartial and

having indicated a prejudice against children who ride minibikes, and the complaint indicating that plaintiff Lisa Hankison was riding a minibike at the time of the accident involved.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY and NORRIS, JJ., concur.