**CITY OF AKRON, Appellee,**

v.

**WENDELL et al., Appellants.**

[Cite as *Akron v. Wendell* (1990), 70 Ohio App.3d 35.]

Court of Appeals of Ohio,
Summit County.

No. 14541.

Decided Oct. 24, 1990.

*Charles R. Quinn* and *Thomas DiCaudo,* Assistant Prosecuting Attorneys, for appellee.

*Daniel G. LaPorte* and *George G. Keith,* for appellants.

CACIOPPO, Judge.

Defendant-appellants, Kathleen M. Drumm, Mary O. Drumm, Charles F. Hoskins, Sylvia C. Slifko, and Stephen Michael Slifko, appeal their conviction for resisting arrest, R.C. 2921.33, trespassing, Akron Codified Ordinance ("ACO") Section 131.08(B)(1), and disorderly conduct, ACO Section 132.-01(A)(4), arising from their protests at a medical clinic offering abortion services. We affirm.

In the morning hours of January 13, 1990, appellants participated in a demonstration at an Akron area abortion clinic. The protesters surrounded the entrances to the clinic and refused to allow passage. Apparently, they never entered the building, but stood and sat instead on the sidewalk and parking lot immediately outside the doorways. Another group of demonstrators picketed along the street but were not arrested.

Akron police officers arrived on the scene and warned the protesters blocking the doorway that they were violating state and city laws. When appellants refused to leave, they were placed under arrest. At that point, each protester went limp and had to be carried through the on-field booking process.

A joint trial was subsequently scheduled for the appellants. At *voir dire,* a number of potential jurors expressed strong anti-abortion sentiments. Those who openly stated that their views would prevent them from rendering fair and impartial verdicts were excused. During a recess, appellants lodged their

objection to this proceeding. Their request for a mistrial was denied by the trial court.

Each of the appellants was found guilty by the jury on all three counts. Fines and costs were assessed ranging from $1,408.40 to $2,658.40. Sentences from twenty days of community service to twenty-seven days' net jail time were also imposed. One of the appellants, Stephen Michael Slifko, was required to post his driver's license as bond pending appeal.

The trial court expressed a willingness at sentencing to modify the terms of incarceration imposed if fines and costs were paid promptly. Two of the original defendants, William M. Wendell and Helen Moreno, took advantage of this offer and voluntarily dismissed their pending appeals. Subsequent motions to reinstate these proceedings were denied by this court.

### Assignment of Error I

"The trial court deprived the appellants of their constitutional right to a trial by a jury selected from among their peers by certain aspects of the rial [sic] court's inquiries to the venire panel and by refusing to allow counsel to make inquiries to rehabilitate."

Appellants' argument under this assignment of error is twofold: the trial court perpetrated prejudicial error by (1) excluding potential jurors for cause simply because they were morally opposed to abortion, and (2) refusing to permit questioning and possible rehabilitation of these individuals by counsel. We disagree with both charges.

The record simply does not support the accusation of improper removal of potential jurors. Initially, the court excused David Bell and June Grismer when both openly admitted that they could not be fair and impartial in their deliberation. The trial judge proceeded to emphasize to the rest of the panel:

"The charge against [the defendants] was that they were demonstrating in front of a place or about a place, an alleged abortion clinic and the allegation is of course that the demonstration was against abortion.

"Now the fact—this is the idea of abortion, whether someone is for or against it is not what I'm asking you. I'm not asking you whether you are for or against abortion.

"I'm asking you though a more direct question. The fact that these people who are charged, the Defendants, have to some degree—the allegation is they associated themselves or were demonstrating against abortion, and at the place they were demonstrating at was an abortion clinic, would that prevent anyone of fairly and impartially hearing this case and rendering your verdict according to the evidence and the instructions on the law?"

Moments later he repeated:

" * * * As I said to you, all of you, and I want to repeat it. My aim is not that at all. I'm not interested in terms of your selection process what your personal views are.

"I say that to you. I mean it sincerely. I'm not asking everybody who is against abortion to stand and disqualify themselves. I'm simply asking you a different question. Regardless of your personal views, can you lay those views aside and hear this case and decide it on the evidence?"

This message was continuously reemphasized throughout this portion of *voir dire*. Nevertheless, Juanita Tomlinson, Edward Devlin, Viola Parsons, Bill Marshall, Robert Kory, Ann Marie Barnes, Debra Tell, and Ernest Donnie all expressed serious doubts as to whether they could "fairly and impartially" decide this case.

■ The trial court enjoys considerable discretion in removing potential jurors for cause. See *Palmer v. State* (1885), 42 Ohio State 596, paragraph four of the syllabus; *State v. Vails* (1970), 22 Ohio St.2d 103, 105, 51 O.O.2d 133, 134, 258 N.E.2d 225, 226; *State v. Henderson* (1988), 39 Ohio St.3d 24, 27, 528 N.E.2d 1237, 1241. Crim.R. 24(B)(9) parallels R.C. 2945.25(B) and provides that:

"Challenge for Cause. A person called as a juror may be challenged for the following causes:

" * * *

"(9) That he is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial."

It is well settled that veniremen should not be excluded simply for voicing a general objection or opinion so long as they can still fairly decide the case upon the evidence presented. *Witherspoon v. Illinois* (1968), 391 U.S. 510, 521–523, 88 S.Ct. 1770, 1776–1778, 20 L.Ed.2d 776, 784–786; *State v. Jenkins* (1984), 15 Ohio St.3d 164, 179–188, 15 OBR 311, 324–332, 473 N.E.2d 264, 281–288.

The record in this appeal, however, does not reveal any evidence that potential jurors were excused simply because they held anti-abortion senti-ments. To the contrary, each expressly stated that they were incapable of reaching a fair and impartial verdict. Such admissions clearly constitute

proper grounds for removal. R.C. 2313.42(J); see, also, *Akron v. Detwiler* (July 5, 1990), Summit App. No. 14385, unreported, at 6–11, 1990 WL 95683. Indeed, one court was found to have abused its discretion by *failing* to exclude a potential juror who made a similar statement. *Hankison v. Brown* (1981), 3 Ohio App.3d 249, 3 OBR 282, 444 N.E.2d 1059.

It is important to note that while this decision is based, to this point, upon statutory authority, it is also consistent with the Sixth Amendment, United States Constitution and Section 5, Article I, Ohio Constitution. Both the state and the defendant are entitled to an unbiased and impartial jury that will properly apply the law to the facts as they believe to be true. *State v. Wilson* (1972), 29 Ohio St.2d 203, 211, 58 O.O.2d 409, 414, 280 N.E.2d 915, 920–921. A balance must be struck, as stated in *State v. Bayless* (1976), 48 Ohio St.2d 73, 90, 2 O.O.3d 249, 258, 357 N.E.2d 1035, 1048:

"Any exclusion of a class of jurors necessarily impinges upon the function of the jury to represent a cross section of the community. But while that is an important jury function, at least equally important is the jury's function of deciding cases fairly and impartially according to law. No technical test and no attempt to exclude from consideration factors which demonstrably prevent jurors from being impartial is an adequate substitute for impartiality as a fact. * * * "

Contrary to appellants' suggestions, neither Constitution demands the inclusion of jurors predisposed in their favor.

■ Turning to the question of appellants' right to rehabilitate the potential jurors, R.C. 2945.27 allows "reasonable examination" by defense counsel on the issue of fairness and impartiality. The Ohio Supreme Court has recognized that a failure to permit any such questioning in a capital case violates due process of law. *State v. Anderson* (1972), 30 Ohio St.2d 66, 59 O.O.2d 85, 282 N.E.2d 568, syllabus. Nevertheless, the trial court may exercise its sound discretion in controlling these proceedings and limit questioning to relevant and material matters. *State v. Beuke* (1988), 38 Ohio St.3d 29, 39, 526 N.E.2d 274, 285.

In the case *sub judice*, there is no record of timely objections to the trial court in response to its alleged refusal to permit questioning by counsel. Appellants' motion for a mistrial, which has been supplemented to the record, was not raised until after the pertinent veniremen had been excused. Such errors, as alleged, must be called to the trial court's attention at the time at which they could be remedied. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of syllabus; *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 123, 512 N.E.2d 640, 642–

643; *State v. Wickline* (1990), 50 Ohio St.3d 114, 119, 552 N.E.2d 913, 919. This assignment of error is therefore overruled.

### Assignments of Error

"II. The trial court refused to grant appellant's motion for an acquittal on the charge of criminal trespass on the grounds that no evidence was introduced as to the right of Medical Planning Services, Inc. to control the parking lot at 1054 S. Arlington Street, where the alleged illegal activity took place.

"III. The trial court refused to grant appellant's motion for an acquittal on the charge of disorderly conduct as a fourth degree misdemeanor on the grounds that no evidence was introduced of any warning to cease and desist the alleged disorderly conduct.

"IV. The trial court refused to grant appellants' motion for acquittal, on the grounds that the evidence was undisputed that appellants were placed under arrest prior to being transported to the field booking area."

 While not addressed by the city of Akron, these assignments of error are also not properly before this court. At the close of the prosecutor's case, appellants moved pursuant to Crim.R. 29 for a dismissal of all charges. The request was denied by the trial court and appellants proceeded with their defense. Since the record does not reveal—and appellants do not indicate—that this motion was renewed at the close of all the evidence, these questions have not been preserved for appeal and are waived. *State v. Skorvanek* (June 27, 1990), Wayne App. No. 2545, unreported, 1990 WL 94226; *State v. Roberson* (Feb. 17, 1988), Summit App. No. 13288, unreported, 1988 WL 21283. These assignments of error are overruled.

### Assignment of Error V

"The trial court in its charge to the jury regarding the elements of criminal trespass refused to specify that appellants must be found guilty beyond a reasonable doubt of knowingly entering or remaining on the land or premises of Medical Planning Services, Inc. without privilege to do so on January 13, 1990, as specified in the complaints."

 At the jury charge conference, appellants questioned the court's instructions regarding criminal trespass and their exceptions were duly noted. The trial judge subsequently charged the jury as follows:

"Each Defendant is presumed innocent until his or her guilty [*sic*] is established beyond a reasonable doubt.

"Each Defendant must be acquitted unless the City or State produces evidence which convinces you beyond a reasonable doubt of every essential element of the offense charged in the Complaint.

"* * *

"Criminal Trespass is what I'm on. No person without privilege to do so shall knowingly enter or remain on the land or premises of another. That's the pertinent part of the Ordinance under which each of these Defendants is charged.

"Let me read to you the Complaint that charges them and if you listen carefully you'll see with the substitution of names it says essentially what I just read to you.

"Each of the Defendants charged in the City of Akron, County of Summit and State of Ohio on the 13th day of January, 1990 did without privilege to do so knowingly enter or remain on the land or premises of Abortion Clinic of Medical Services, 1054 South Arlington Street, Akron, Ohio.

"* * *

"Now, what do we mean by land or premises? Well land or premises means any land, building, structure or place belonging to, controlled by or in custody of another including a public agency or any separate enclosure, room or portion thereof."

Appellants contend that the trial court did not properly instruct the jury on the issue of what constituted the "land or premises of another." By statute, a charge must state all matters of law necessary for the information of the jury in rendering its verdict. R.C. 2945.11. This court has held that such instructions should be tailored to the facts of each case. *Avon Lake v. Anderson* (1983), 10 Ohio App.3d 297, 299, 10 OBR 472, 474, 462 N.E.2d 188, 191. Nevertheless, reversible error will not lie unless the appellants were or may have been prejudiced thereby. R.C. 2945.83(D); Crim.R. 33(E)(4).

We find nothing improper with the trial court's instructions, which closely follow the terms of ACO Section 131.08. See *Detwiler, supra*, at 12–13. The Ohio Supreme Court has warned that:

"We emphatically remind trial courts that they should limit definitions, where possible, to those definitions provided by the legislature in order to avoid unnecessary confusion and needless appellate challenges." *State v. Williams* (1988), 38 Ohio St.3d 346, 356, 528 N.E.2d 910, 921, fn. 14.

Consequently, amplification of statutory definitions is generally inadvisable. *State v. Mahoney* (1986), 34 Ohio App.3d 114, 119, 517 N.E.2d 957, 962–963. Moreover, terms of common usage, as found here, do not require elaboration

to the jury. *State v. Riggins* (1986), 35 Ohio App.3d 1, 8, 519 N.E.2d 397, 405–406.

■ Appellants also contend, without authority, that the trial court erred in reading the complaint to the jury immediately after defining the crime. They assert that this necessarily created an inference that they could be found guilty of trespassing on anyone's property, not just the clinic's. The logic of this argument escapes us. The complaint, as read, plainly alleged that the appellants did "enter or remain on the land or premises of Abortion Clinic of Medical Services, 1054 South Arlington, Akron, Ohio." If anything, this instruction clarified that *only* a trespass on the clinic's land or premises could result in a guilty verdict since that was all the complaint specified.

The trial court's charge to the jury flatly stated that the prosecution must prove every element of its case beyond a reasonable doubt. The jurors were further instructed that appellants could not be found guilty of trespassing unless they knowingly entered or remained on the land or premises of the clinic. Moreover, "land or premises" was defined according to the specific language of ACO Section 131.08(A), with only slight deviation. Since these instructions are, when taken as a whole, entirely proper, this assignment of error is overruled.

### Assignment of Error VI

"The trial court failed to charge the jury that the Constitution of the United States and the Laws of the State of Ohio, under certain circumstances, provide that property such as 1054 S. Arlington Street, Akron, Ohio may be an appropriate location for the peaceful expression of opinion and limited physical activity by persons expressing their right to free speech."

■ At the jury charge conference, appellants requested an instruction specifically concerning their constitutional rights to free speech and assembly. The trial court decided to forgo such an additional charge on the grounds that the jury was already to be instructed to acquit if the protesters were found to be engaged in lawful activities. Appellants now argue on appeal that the constitutionality charge was necessary since the clinic sidewalk and parking lot were appropriate places for peaceful demonstrations.

This precise question was already decided by this court in *Detwiler, supra,* at 20–21. We held that clinic property "does not lose its private character merely because the public is generally invited to use it for designated purposes." *Id.* at 21; see, also, *Cleveland v. Sundermeier* (1989), 48 Ohio App.3d 204, 549 N.E.2d 561. Despite appellants' assertions, these cases are not somehow distinguishable simply because the clinic buildings involved were designed differently. To the contrary, each utilized a semi-private parking lot

or sidewalk open only to those doing business therein. Such facilities generally are not open to public protest and assembly.

Appellants also suggest that the free speech guarantees of Section 11, Article I of the Ohio Constitution could be construed to protect the types of protest found in the case *sub judice*. We nevertheless decline this invitation to extend this provision beyond the well-defined scope of its federal counterpart. Accordingly, this assignment of error is 'overruled.

### Assignment of Error VII

"The trial court allowed the appellants to be convicted of two or more allied offenses of similar import in violation of R.C. Section 2941.25(A)."

▆ At sentencing, appellants maintained that disorderly conduct and criminal trespass were allied offenses of similar import. Their argument was summarily rejected by the trial court.

▆ A defendant may not be convicted of two or more allied offenses of similar import arising from the same conduct. R.C. 2941.25(A). Conversely, convictions of multiple crimes are permissible where the offenses " * * * (1) were not allied and of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense. * * * " *State v. Moss* (1982), 69 Ohio St.2d 515, 519, 23 O.O.3d 447, 450, 433 N.E.2d 181, 185.

Two crimes are allied offenses if their elements correspond to such a degree that commission of one offense necessarily constitutes commission of the other. *State v. Donald* (1979), 57 Ohio St.2d 73, 11 O.O.3d 242, 386 N.E.2d 1341; *State v. Logan* (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345; *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 10 OBR 352, 461 N.E.2d 892.

Our review of the applicable statutes reveals that trespass, disorderly conduct, and resisting arrest are not allied offenses of similar import. Each involves a unique element which is not a requisite for the others: trespass requires conduct on the "land or premises of another," ACO Section 131.-08(B)(1); disorderly conduct requires "[h]indering or preventing the movement of persons," ACO Section 132.01(A)(4); and resisting arrest requires resistance or interference with a lawful arrest, R.C. 2921.33.

Commission of any one of these offenses does not necessarily result in commission of one of the others since each involves at least one unique element. The fact that appellants' conduct in the instant case violated all three statutes does not require a different conclusion. This assignment of error is therefore overruled.

### Assignment of Error VIII

"The trial court seized the Ohio driver licenses of appellants Stephen Michael Slifko and William M. Wendell, without legal grounds to do so."

William M. Wendell voluntarily dismissed his appeal to this court on April 25, 1990. As for Stephen Michael Slifko, his driver's license was returned to him after he posted a cash appeal bond with the trial court on April 10, 1990. This assignment of error is therefore moot and overruled.

### Assignment of Error IX

"The trial court abused its discretion in imposing sentences for misdemeanors under R.C. Section 2929.22."

This court generally refuses to set aside sentences rendered by a trial court within statutory guidelines. *State v. Coyle* (1984), 14 Ohio App.3d 185, 14 OBR 203, 470 N.E.2d 457; *State v. Cassidy* (1984), 21 Ohio App.3d 100, 21 OBR 107, 487 N.E.2d 322; see, also, *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph one of the syllabus. Nevertheless, an abuse of discretion may lie where mandatory statutory sentencing factors are ignored. *Maple Heights v. Dickard* (1986), 31 Ohio App.3d 68, 31 OBR 108, 508 N.E.2d 994.

Appellants complain that they were only questioned at sentencing in regard to their ability to pay a fine which is but one factor specified in R.C. 2929.22. They conclude, therefore, that the other mandatory factors were ignored. We are not persuaded.

The trial court need not base its sentencing decision only upon information elicited during the sentencing proceedings. Throughout the course of the trial, evidence was presented pertaining to such other factors as risk of further misconduct, danger to the public, nature of the offense, character of the offenders, and the need for correctional treatment. See R.C. 2929.22(A). In the absence of a showing to the contrary, a judge is presumed to have considered these mandatory standards. *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 89, 529 N.E.2d 947, 949.

Moreover, given the evidence before the trial court, there is every reason to believe the penalties imposed were specifically adapted to the dual purposes of deterrence and correction. Imposition of both fines and imprisonment, therefore, did not result in an abuse of discretion. R.C. 2929.22(E).

Appellants' argument under this narrow assignment of error evolves into a discourse ranging from various alleged due process violations to the

propriety of imposing court costs.[1] Initially, we need not address these issues as they are not separately set forth as assignments of error. App.R. 12(A); see *Ferreri v. McShane* (Oct. 17, 1990), Summit App. No. 14433, unreported, 1990 WL 163907; *Nanna v. McArthur* (1974), 44 Ohio App.2d 22, 28, 73 O.O.2d 14, 18, 335 N.E.2d 712, 717. Moreover, the record does not reveal—and appellants do not suggest—that these complaints were initially addressed to the trial court. Therefore, they are not proper on appeal. *Williams, supra; LeFort, supra; Wickline, supra.* Accordingly, this assignment of error is overruled.

## Conclusion

Appellants' assignment of error are overruled. The trial court is affirmed in all respects.

*Judgment affirmed.*

REECE, P.J., and BAIRD, J., concur.

---

1. Appellants specifically contend that: (1) their right to appellate review was curtailed when the trial court offered leniency in exchange for prompt payment of fines and costs; (2) the trial court improperly imposed costs on a joint and several basis; (3) the trial court threatened to incarcerate them if costs were not paid in violation of their constitutional rights; and (4) their moral motivations were ignored as mitigating factors at sentencing contrary to law.