DECISION AND JUDGMENT ENTRY
{¶ 1} Russell Hammonds appeals from a Scioto County Common Pleas Court judgment that sentenced him to three years in prison for burglary. He argues the court erred in failing to sentence him to community control as promised. However, the record indicates that the sentencing agreement in this case was expressly conditioned upon there being no objections. Since the victim indicated that she wanted Hammonds to go to prison, the trial court was not bound by the agreement.
 {¶ 2} In passing, Hammonds also argues that the trial court erred in sentencing him to three years in prison because the court's analysis of the R.C. 2929.12(B) seriousness factors "was flatly incorrect". Additionally, he argues the court relied on incorrect information when sentencing him. However, because Hammonds did not separately assign this as error, we need not address it. See App.R. 12(A)(2). Accordingly, we affirm the trial court's judgment.
 {¶ 3} After the grand jury indicted Hammonds on charges of burglary and theft, he pled not guilty to the charges. Two months later, however, he pled guilty to a reduced charge of burglary and the state dismissed the theft charge. The trial court accepted Hammonds's plea and ordered a presentence investigation report. On the day of the sentencing hearing, the state, the defense, and the judge met in chambers. At that time, they reached an agreement as to the sentence. Although there is no written document evidencing the agreement, there were discussions about the agreement at the sentencing hearing.
 {¶ 4} At the sentencing hearing, the victim, Hammonds's sister, made a statement. The court then asked the state for its recommendation. At that time, the state responded: "The victim's recommendation would be, Your Honor, that he go to prison. The State and Mrs. Skeens and the Court had discussions in chambers that the State would accept community control and jail time, but it is the victim's desire that the defendant go to prison." After this statement by the state, the court discussed Hammonds's criminal history and the relevant sentencing factors. Ultimately, the court sentenced Hammonds to three years in prison. The following discussion then occurred:
 {¶ 5} DEFENSE: "Your Honor, if I may be heard, Your Honor, the plea agreement that we had reached in chambers State, Defense, and Your Honor, had reached in chambers was five years of community control after the jail time."
 {¶ 6} COURT: "That was with the understanding that there were no objections. When there are objection, that is not the understanding. I brought both of them out today. The one for community control and the one for prison. I had them both filled out. I was convinced after hearing everything here this is the appropriate sentence."
 {¶ 7} Hammonds now appeals the court's judgment, raising the following assignment of error: "The trial court erred in sentencing the Defendant to three years in prison after having approved in chambers a plea bargain for five years of community control."
 {¶ 8} Importantly, Hammonds did not plead guilty in reliance on this agreement regarding the sentence. Rather, the agreement arose after Hammonds entered his guilty plea. At the sentencing hearing, the state noted: "There was no agreement to sentence with regard to the plea. The discussions today were with regard to sentence only after he had entered his plea." Thus, the agreement at issue is not a plea agreement per se. Nevertheless, when a court makes a promise concerning sentencing, the court is bound by that promise.
 {¶ 9} There is no transcript or written document setting forth the terms of the agreement in this case. All we have is the discussion of the agreement that occurred at the sentencing hearing. That discussion indicates that the sentencing agreement was conditioned upon there being no objections. It's unfortunate for Hammonds, but the record reveals that the victim objected to the imposition of a community control sentence. Specifically, she indicated that she wanted Hammonds to go to prison.
 {¶ 10} Hammonds acknowledges that the victim made a statement to the court, but argues that "her recommendation for a prison sentence is at best ambiguous." However, it is irrelevant that the victim herself never used the word "prison". The prosecutor informed the court that when she spoke to the victim, the victim was "very firm in what she wants to happen and her position is that she would like him to go to prison." Additionally, the prosecutor later informed the court that the "victim's recommendation would be * * * that he go to prison." The victim was at the sentencing hearing and thus, she could have corrected the record if the state's representations were incorrect. However, not once did she indicate that the state was incorrectly stating her position. Instead, her statement at the hearing confirms the state's representations. Directing her statement towards her brother, the victim stated, in part: "What will it take for you to realize how much the drugs have taken over. I have always tried to be there when you needed me. I always tried to help you get a new start on several different occasions and you have chosen to throw this opportunity away. What choice have you left me? Please understand that this is not about revenge. * * * I hate the position you have put me in, but you need to realize that you have chosen this path and only you can change that. * * * You are not a stupid person. You have the ability to change your life, but you chose not to and then you want others to feel sorry for you. It's time to grow up and take responsibility for you actions. * * *." Later, after the state informed the court of the victim's recommendation, the victim told the court: "I can't make him a better person, but I can only do what I feel is the best thing for all parties involved."
 {¶ 11} It's clear from the record that the victim wanted Hammonds to go to prison. Because the victim objected to the sentencing agreement and the agreement was conditioned upon there being no objections, the court did not err when it sentenced Hammonds to a prison term instead of community control. Accordingly, we conclude Hammonds's argument lacks merit.
 {¶ 12} Hammonds also argues in passing that the trial court erred in sentencing him to three years in prison. He argues that the court relied on incorrect information when sentencing him. Additionally, he argues that the court's analysis of the seriousness factors in R.C. 2929.12(B) "was flatly incorrect".
 {¶ 13} However, Hammonds did not separately assign this as error. See App.R. 16(A). Because he did not place the issue squarely before this court by assigning this purported error separately, we need not address it. See App.R. 12(A)(2); Akron v. Wendell (1990), 70 Ohio App.3d 35,45-46, 590 N.E.2d 380. See, also, State v. Stevens (Dec. 9, 1994), Highland App. No. 93-CA-832; State v. Howard (March 4, 1994), Scioto App. No. 93CA2136.
Accordingly, we overrule Hammonds's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.