[Cite as *Newell v. Shumate*, 2011-Ohio-2448.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

THOMAS NEWELL, et al.

    Appellee

    v.

LEROY SHUMATE

    Appellant

C.A. No.     10CA009837

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CV163058

DECISION AND JOURNAL ENTRY

Dated: May 23, 2011

MOORE, Judge.

{¶1}    Appellant, Leroy Shumate, appeals from the judgment of the Lorain County Court of Common Pleas. This court affirms.

I.

{¶2}    Leroy Shumate leased commercial real estate from the Thomas and Lynn Newell, Appellees, in Elyria, Ohio. The Newells filed a complaint in the Elyria Municipal Court against Shumate on October 7, 2004, seeking restitution of the property in forcible entry and detainer as well as damages. Shumate filed a counterclaim that exceeded the jurisdiction of the municipal court. Accordingly, the matter was transferred to the Lorain County Court of Common Pleas. On June 22, 2006, the trial court dismissed Shumate's counterclaims and granted judgment for restitution of the premises in favor of the Newells. The court did not address the claim for damages.

{¶3}     Shumate appealed the trial court's granting of restitution in favor of the Newells. On August 10, 2006, this Court ordered Shumate to demonstrate that the order from which he appealed was a final and appealable order, and because he failed to do so, the appeal was dismissed. On November 15, 2006, the Newells dismissed their unadjudicated claims for back rent and damages without prejudice pursuant to Civ.R. 41(A). Shumate did not thereafter appeal.

{¶4}     On July 15, 2009, the Newells refiled their claims against Shumate in the Lorain County Court of Common Pleas. On May 25, 2010, the trial court granted summary judgment in favor of the Newells. Shumate timely filed a notice of appeal.

II.

{¶5}     Shumate, appearing pro se, appeals the trial court's order granting summary judgment to Newell. Shumate filed a brief with this Court on September 24, 2010. That brief, however, does not contain any assignments of error. Pursuant to App.R. 12(A), a court of appeals determines the merits of an appeal based on "the assignments of error set forth in the briefs under App.R. 16." See *Akron v. Wendell* (1990), 70 Ohio App.3d 35, 46; *North Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 343-44. Furthermore, pursuant to App.R. 12(B), the appellee is entitled to have the judgment of the trial court affirmed as a matter of law if the court of appeals "determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in appellant's brief." The appellate rules allow the court of appeals to summarily affirm the trial court's judgment if the appellant fails to include any assignments of error in his brief. In such a situation, the appellant has not properly invoked the appellate court's power of review by identifying and framing with particularity the issues the appellant seeks to have reviewed.

**{¶6}** Because Shumate has not included any assignments of error in his brief, we may summarily affirm the trial court's judgment. Furthermore, even if we were to consider the vague arguments contained in Shumate's brief, we would find those arguments to be without merit.

**{¶7}** Shumate contends that the trial court erred when it granted summary judgment to Newell because the case was not refiled within the time limits contained in Civ.R. 41(A). We do not agree.

**{¶8}** Civ.R. 41(A) regarding dismissal provides:

"(1) By plaintiff; by stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

"(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

"(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

"*Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice*, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." (Emphasis added.)

**{¶9}** With limited exceptions, Civ.R. 41(A)(1) provides that a plaintiff may voluntarily dismiss an action without prejudice by simply filing notice with the court at any time before trial. The rule further provides that the dismissal is one without prejudice so long as it is the first one filed by that party on that claim. *Graham v. Flener* (Apr. 23, 1997), 9th Dist. No. 96CA0068, at *1. "A dismissal without prejudice simply means that the dismissal has no res judicata effect. However, such a dismissal does have practical consequences. A plaintiff must still refile his case within the applicable statute of limitations, or otherwise refile in a manner permitted by the savings statute." (Citations omitted.) *Brubaker v. Ross*, 10th Dist. No. 01AP-1431, 2002-Ohio-4396, at ¶13.

**{¶10}** Here, the Newells' claim for damages arose from the breach of a written agreement. R.C. 2305.06 provides that an action upon a written contract must be brought within fifteen years. The alleged breach occurred in January of 2004. The original action was filed on October 4, 2005, and was dismissed without prejudice on November 15, 2006. The action was refiled on July 15, 2009, well within the fifteen year statute of limitations. Thus, the Newells' refiling of the claim was timely and the trial court had authority and jurisdiction to adjudicate the case below. Shumate's claim is without merit.

III.

**{¶11}** Based on the foregoing, even had Shumate properly raised his arguments through assignments of error, we would have concluded that the trial court had authority and jurisdiction to grant the motion for summary judgment. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

LEROY SHUMATE, pro se Appellant.

THOMAS NEWELL, pro se Appellee.

JON D. CLARK, Attorney at Law, for Appellee.