THE STATE OF OHIO, APPELLEE, *v.* VAILS, APPELLANT.

[Cite as State v. Vails (1970), 22 Ohio St. 2d 103.]

(No. 69-513—Decided April 29, 1970.)

*Mr. Melvin G. Rueger,* prosecuting attorney, *Mr. Calvin W. Prem* and *Mr. Donald Guy Montfort,* for appellee.

*Mr. Donald Weber* and *Mr. Bernard J. Gilday, Jr.,* for appellant.

*Per Curiam.* The initial question in this appeal regards the excusing of Milton Thomas as a prospective juror. While defendant contends that Thomas was excused because he was somewhat opposed to capital punishment and would probably recommend mercy, the record fails to support defendant's argument. The record shows intensive questioning of Thomas by the state, defense counsel, and the court. The questioning shows diametrically opposite answers by Thomas depending upon which person was asking the questions.

Defendant properly objected to the state's challenge for cause under R. C. 2945.25(C), which excuses a juror when "his opinions preclude him from finding the accused guilty of an offense punishable with death." See *State* v. *Duling,* 21 Ohio St. 2d 13. The court finally overruled the state's challenge for cause under R. C. 2945.25(C).

The trial judge did excuse Thomas for cause under R. C. 2945.25(B), because he was not satisfied that Thomas could render an impartial verdict on the evidence on account of the prospective juror's contradictory answers to questions concerning preconceived opinions.[1] R. C. 2945.25(C) requires that where a juror has a preconceived opinion the court must be satisfied that the juror could render an impartial verdict on the evidence or else the court may excuse the juror for cause. See, also, *Cooper* v. *State*, 16 Ohio St. 328, paragraph one of the syllabus. The trial judge exercised his sound legal discretion and did not commit reversible error. See *Palmer* v. *State*, 42 Ohio St. 596. Since the exclusion of Thomas was proper under R. C. 2945.25 (B), *supra*, the cases emanating from *Witherspoon* v. *Illinois*, 20 L. Ed. 2d 776, are inapplicable.

The record fails to show any abuse of discretion in admitting rebuttal testimony. Rather it shows that the questioned testimony rebutted earlier testimony of the defend-

---

[1]The following sample of questions and answers shows a basis for the trial court's position concerning the preconceived opinions of the prospective juror, Milton Thomas:

By the Court:

"The Court: As I understand it now, Mr. Thomas, and I don't want you to tell me what your idea is, but you already have some idea about whether he is guilty or not guilty?

"Mr. Thomas: Well, I got an idea he's guilty then if he murdered somebody, killed some one.

"The Court: I don't want you to tell me what your idea is but as you sit there now you have already formed some idea about the case?

"Mr. Thomas: Yes."

By the prosecution:

"Q. Mr. Thomas, what I'm asking you is, this idea that you have about this man's guilt or innocence is this an idea that you would not be able to set out of your mind?

"A. Yes, sir."

By the defense counsel:

"Q. As a matter of fact, sir, you really don't have any opinion at all about the guilty [sic] or innocence of Vails because you haven't heard any of the testimony, right? You don't know anything about the case, isn't that accurate?

"A. Yes."

ant. Since we do not find the required patent abuse of discretion in admitting this testimony, the defendant's objection is not well taken. See *Cities Service Oil Co. v. Burkett*, 176 Ohio St. 449.

Evidence was presented which tended to show premeditated and deliberate malice on the part of the defendant. There was also evidence to the contrary. The conflicting testimony was sufficient evidence to both warrant submission of the issue to the jury and to support the verdict entered by the jury. Therefore, the trial court did not err in allowing the jury to decide whether the defendant acted with deliberate and premeditated malice. See *State v. Stewart*, 176 Ohio St. 156, 160.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Schneider, Herbert, Duncan and Corrigan, JJ., concur.[2]

Matthias, J., not participating.

---

[2]Chief Justice Taft participated in this case which was, however, decided after his death.