DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Antoine R. Martin appeals from his conviction and sentence for murder, involuntary manslaughter, and felonious assault. This Court affirms.
On April 7, 1997, Defendant and Anwar Shehadah, the victim, were in a confrontation outside the Wooster Market in Akron where Anwar worked. Anwar allegedly used a knife to keep Defendant from attacking him. When the police arrived at the scene, Defendant told the police that nothing was wrong and that he was just leaving. Defendant claimed that Anwar cut him with the knife in the leg before the police arrived, but he also admitted that he did not share this information with the police. Defendant walked across the street and yelled back to Anwar that if Anwar came into the projects, Defendant would kill him.
On April 13, 1997, Anwar worked at the Wooster Market until a little after one o'clock in the morning. Anwar's girlfriend was with Anwar at work and admitted that he drank some beer while working that evening. At the end of his shift, Anwar and his girlfriend left Wooster Market in a van and drove to Edgewood Homes because Anwar wanted to buy some drugs. When they arrived at Edgewood Homes, Anwar's girlfriend stayed in the van. Anwar got out of the van and started looking for someone who would sell him some drugs.
In the meantime, Defendant and his friend, Aaron, had stopped by Defendant's cousin's apartment at Edgewood Homes to get some money before meeting two females at a nearby motel. While Defendant and Aaron were at the apartment, Anwar knocked on the door. Defendant opened the door, and Anwar indicated that he wanted to purchase some drugs. Defendant and Aaron stepped into the hallway, and Defendant sold some crack cocaine to Anwar. Anwar put the crack in his mouth, decided it was not real crack, and started yelling at Defendant to give him his money back. Colin Kirkland, who lived in the complex and heard the yelling, emerged from his apartment wearing a t-shirt and boxer shorts, waved a gun, and screamed at them to leave. Kirkland testified that Anwar was holding a crack pipe, and Aaron stated that Anwar was holding a screwdriver. Defendant testified that Anwar had a knife and came toward him with the knife. Aaron claimed that he never saw Anwar move toward or lunge at Defendant.
According to Defendant, Aaron pushed Anwar out the door and down the stairs. Pursuant to Aaron's testimony, Defendant grabbed Anwar and threw him down the stairs. Both Defendant and Aaron asserted that Anwar landed on his back. Defendant testified that Anwar was on the ground with a knife and was yelling threats about taking Defendant's life. Defendant stated that when he walked over to Anwar, he was hit by Anwar in the eye. Defendant then retrieved a branch from a nearby tree and proceeded to hit Anwar once in the head and twice in the chest with the tree branch. Witnesses testified that they observed Defendant repeatedly beat Anwar in the head with a broomstick or a bat. Defendant admitted that he did not see anyone else beat Anwar with any type of object. Anwar was eventually taken to a hospital, where he died from blows that he had sustained to his head.
On April 17, 1997, a Summit County Grand Jury indicted Defendant on one count of murder in violation of R.C. 2903.02, one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of involuntary manslaughter in violation of R.C.2903.04(A). On August 13, 1997, Defendant was found guilty of all three counts. The trial court sentenced Defendant to an indefinite period of fifteen years to life for the murder count, ten years for the involuntary manslaughter count, and eight years for the felonious assault count. The trial court further ordered that all the sentences be served concurrently.
Defendant timely appeals and raises five assignments of error.
 ASSIGNMENT OF ERROR I
THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN ENTERING JUDGMENT OF CONVICTION FOR MURDER IN ADDITION TO INVOLUNTARY MANSLAUGHTER AND FELONIOUS ASSAULT BECAUSE THE LATTER TWO OFFENSES ARE LESSER INCLUDED OFFENSES AND/OR ALLIED OFFENSES OF SIMILAR IMPORT.
Defendant failed to raise whether involuntary manslaughter and felonious assault were lesser included offenses and allied offenses of murder in the trial court. Assuming, arguendo, that these two offenses are lesser included offenses and allied offenses to murder, Defendant's convictions and sentences did not rise to the level of plain error because Defendant received concurrent sentences.
Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. This Court has held that, in the circumstance of a defendant being sentenced for allied offenses of similar import, plain error will not be noticed when the imposed sentences run concurrently. State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported; State v. Combs (Dec. 4, 1991), Summit App. No. 15025, unreported.
The alleged errors of the trial court did not rise to the level of plain error because Defendant received concurrent sentences. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN FAILING TO PROVIDE RELIEF FROM THE PREJUDICIAL JOINDER OF THE MULTIPLICITOUS OFFENSES PRIOR TO SUBMITTING THE CASE TO THE JURY.
Defendant appears to assert in this assignment of error that the trial court committed plain error by allowing the joinder of the multiplicitous offenses prior to submitting the case to the jury. Because we find that the trial court did not err by allowing multiple counts to be submitted to the jury, we cannot conclude that there was plain error in this instance.
R.C. 2945.74 and Crim.R. 31(C) permit an instruction on a lesser included offense. In addition, R.C. 2941.25(A) allows for the submission to the jury of two or more allied offenses of similar import. See State v. Osborne (1976), 49 Ohio St.2d 135, vacated on other grounds (1978), 438 U.S. 911, 57 L.Ed.2d 1155. The trial court did not err by allowing multiple counts to be submitted to the jury. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN TWICE DENYING HIS CRIM.R. 29 MOTION FOR ACQUITTAL ON THE CHARGE OF MURDER.
Defendant contends that the trial court erred by denying his Crim.R. 29 motion for acquittal on the charge of murder. More specifically, Defendant alleges that the prosecution failed to prove the element of causation required for a murder conviction. Defendant also avers that he established the mitigating circumstance for voluntary manslaughter pursuant to R.C. 2903.03, by establishing that he acted in a sudden fit of rage brought on by serious provocation.
Crim.R. 29(A) provides in part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
The test for insufficient evidence calls upon a court to view the evidence in a light most favorable to the prosecution and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
A defendant bears the burden of proof when attempting to establish an affirmative defense. State v. Palmer (1997), 80 Ohio St.3d 543,563-564. Because a sufficiency claim is reserved for the party who does not bear the burden, this Court will not conduct a sufficiency of the evidence analysis for Defendant's assertion that he has established an affirmative defense.
This Court will, however, conduct a sufficiency of the evidence analysis for Defendant's contention that the prosecution failed to prove the causation element for the murder offense. R.C. 2903.02(A) provides that "[n]o person shall purposely cause the death of another or the unlawful termination of another's pregnancy." During the trial, the prosecution presented witnesses who testified that they observed Defendant repeatedly beat Anwar in the head with a broomstick or bat. Also at trial, the medical examiner testified that Defendant's death was caused by blows to the head with a blunt object. More specifically, the medical examiner commented that Defendant received six to eight blows to the head and that the death was related to a culmination of the blows with the principal one causing the death being located on the left side of Anwar's head. Although Aaron testified that he observed Defendant hit Anwar approximately three times in the center of the head, another witness testified that Defendant hit Anwar several times in the head. Construing the evidence in a light most favorable to the prosecution, this Court concludes that a rational trier of fact could have found the essential element of causation proven beyond a reasonable doubt. Defendant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
THE VERDICT OF GUILTY FOR MURDER RETURNED BY THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Defendant avers that the jury lost its way in finding that he intended to kill Anwar. More specifically, Defendant contends that Aaron, one of the prosecution's witnesses, lied.
In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten
(1986), 33 Ohio App.3d 339, 340.
At trial, Aaron testified that Defendant yelled that he was seeking retribution against Anwar while he was beating Anwar. Defendant contends that because he turned himself into the police, and Aaron was attempting to make a deal with the police and the prosecution, Aaron's testimony lacked credibility. Nonetheless, during the trial, two of the prosecution's witnesses testified that they heard Defendant, just a week prior to Anwar's death, yell to Anwar that he would kill Anwar if Anwar ever came into the projects. In addition, Defendant testified that Anwar was on his knees when he beat him once in the head and twice in the chest with a branch from a nearby tree. Other witnesses testified that Defendant beat Anwar with a broomstick or a bat several times while Anwar was still on the ground. The jury did not clearly lose its way and create a manifest miscarriage of justice by concluding that Defendant possessed an intent to kill. Accordingly, Defendant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN REMOVING FOR CAUSE THE ONLY BLACK POTENTIAL JUROR FROM THE VENIRE OVER THE TIMELY OBJECTION OF DEFENSE COUNSEL DESPITE THAT JUROR'S UNAMBIGUOUS AND AFFIRMATIVE RESPONSE TO THE QUESTION OF WHETHER SHE COULD CONVICT IF SHE WAS CONVINCED THAT THE DEFENDANT WAS GUILTY AS CHARGED.
Defendant contends that the trial court erred by overruling his timely objection to the prosecutor's challenge for cause of the only black juror in the venire, Ms. Flemings. In addition, Defendant maintains that because there was no basis for a for cause removal, Ms. Flemings was removed for a racially discriminatory reason. The trial court did not abuse its discretion in excusing Ms. Flemings for cause. Accordingly, this Court will not address Defendant's discrimination allegation.
A trial court enjoys considerable discretion in removing potential jurors for cause. See State v. Henderson (1988),39 Ohio St.3d 24, 27; State v. Vails (1970), 22 Ohio St.2d 103, 105. "A trial court's ruling on a challenge for cause will not be disturbed on appeal unless it is manifestly arbitrary and unsupported by substantial testimony so as to constitute an abuse of discretion." State v. Schiebel (1990), 55 Ohio St.3d 71, 78. Both R.C. 2945.25(B) and Crim.R. 24(B)(9) allow the parties to challenge a potential juror for cause on the basis "[t]hat he is possessed of a state of mind evincing enmity or bias toward the defendant or the state."
Ms. Flemings admitted that her son was involved with drugs and a lawsuit, that she was an acquaintance of Defendant's mother, and that when she looked at the Defendant she saw her son. The trial court, however, did not excuse her on this information alone. Rather, the trial court conducted an inquiry into whether Ms. Flemings could render an impartial verdict to overcome a for cause challenge pursuant to R.C. 2945.25(B) and Crim.R. 24(B)(9). Specifically, Ms. Flemings responded:
 The Court: When all is said and done, you still believe it's too soon, you will have difficulty being absolutely fair and impartial?
Ms. Flemings: Too soon.
Based on Ms. Flemings response that it was too soon for her to render an impartial verdict, the trial court did not abuse its discretion in overruling Defendant's timely objection to the prosecution's challenge for cause of Ms. Flemings. Accordingly, Defendant's fifth assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
BAIRD, P. J.
DICKINSON, J., CONCUR