Defendant-Appellant, Donald D. LaBrun ("Appellant"), appeals the jury verdict finding him guilty of domestic violence, in violation of R.C. 2919.25. For the following reasons, we affirm Appellant's conviction.
This matter was initiated when Gale Brookhart, Appellant's ex-girlfriend, filed a report with the Mercer County Sheriffs Office alleging an incident of domestic violence pursuant to R.C. 2919.25. The facts of the case are as follows.
Ms. Brookhart and her daughter Mandy Brookhart lived with Appellant at his home in Rockford, Ohio. On June 28, 1998, Ms. Brookhart informed Appellant that she was ending their relationship. Soon thereafter, an argument ensued and Appellant ordered Ms. Brookhart out of the home. Ms. Brookhart, however, refused to leave the premises. According to Ms. Brookhart's testimony, Appellant then forcefully attempted to remove her from the home. Appellant's attempt to remove her was unsuccessful.
Ms. Brookhart then proceeded to the bathroom to dry her hair. While doing so, Appellant entered the bathroom and ordered her to leave. Ms. Brookhart once again refused to leave the home. Thereupon, Appellant pulled the hair dryer cord out of the electrical socket. A struggle ensued, and Ms. Brookhart struck Appellant in the jaw with the hair dryer. Ms. Brookhart testified that she fled to the living room whereupon she was pushed and thrown against a wall by Appellant. Ms. Brookhart then began striking Appellant in the face with her fist, and once again Appellant pushed her into the wall. Appellant then forcibly removed Ms. Brookhart from the home.
Shortly after being forced from the premises, Ms. Brookhart filed a report of the incident with the police. Appellant was later placed under arrest for domestic violence. Appellant was tried before a jury, which found him guilty of the offense charged. Appellant's sentence consisted of court costs. Appellant now appeals, asserting four assignments of error.
Assignment of Error No. 1
 The court erred in failing to properly instruct the jury, when requested by the Defendant, about the limited use of testimony about other acts of violence which were admitted to testimony contrary to Rule of Evidence 404(B).
Appellant asserts in his first assignment of error that the trial court erred in allowing the jury to hear evidence of his past bad acts. Appellant also contends the trial court erred in failing to administer a proper limiting instruction to the jury. For the following reasons, we do not agree.
We will first address Appellant's claim that the trial court erred in allowing the jury to hear evidence of his past bad acts. It is well established that evidence of a defendant's prior bad acts is inadmissible to demonstrate that the defendant has a propensity or inclination to commit the offense in question. State v. Mann (1985) 19 Ohio St.3d 34; see, also, Evid.R. 404(B). Evid.R. 404(B) provides in pertinent part:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The Ohio Supreme Court has held that if there is substantial proof that the alleged other act was committed by the defendant and the evidence does in fact tend to prove any of those things enumerated, then evidence of the other act may be admissible.State v. Lowe (1994), 69 Ohio St.3d 527, 530, citing State v.Broom (1988) 40 Ohio St.3d 277, 282-83; R.C. 2945.59. However, to be admissible, the other acts evidence must be related to and share common features with the crime in question. Lowe,supra. Moreover, such evidence should tend to prove that the accused understood the wrongful nature of his present offense by virtue of the fact that he committed prior or subsequent wrongful acts. State v. Smith (1990), 49 Ohio St.3d 137,139-40.
In the present case, Ms. Brookhart testified during the State's case-in-chief that she struck Appellant with the hair dryer because she knew what would happen if she did not defend herself. Ms. Brookhart also testified that she would not let what had happened in the past happen to her again.
We may construe this testimony to mean that Appellant had physically abused her in the past. We note, however, that the defense failed to object to the matter. Therefore, absent plain error, Appellant waived the right to appeal the issue. Crim.R. 52(B); State v. Long (1978), 53 Ohio St.2d 91, 97. In order to find plain error, the court must be able to conclude that but for the admission of the improper evidence, the outcome of the trial would clearly have been different. Long, supra at 97.
In the present case, although several of Ms. Brookhart's statements indicated that she had been physically abused in the past, the statements were not elicited through any direct inquiry of the prosecution. The statements were also vague in that they did not describe any particular physical altercations between Appellant and Ms. Brookhart. For these reasons, we cannot say in good conscience that but for the admission of her testimony the result of the trial would have been different.
We must now determine whether the prosecutor's direct inquiry into Appellant's past acts of physical abuse upon Ms. Brookhart constitutes reversible error. In the present case, Appellant testified in his own defense. During the defense's direct examination of Appellant, Appellant was asked whether or not he had ever been violent with Ms. Brookhart in the past. Appellant answered in the affirmative.[1]
During the rebuttal testimony, the prosecutor asked Ms. Brookhart how many times Appellant had physically abused her in the past.[2] The defense, relying upon Evid.R. 404(B), objected to the prosecution's line of questioning. The trial court, however, overruled the defense's objection.
Although a prosecutor's inquiry into an accused's past bad acts is, under normal circumstances, inadmissible, we find that the rule of invited error governs in this instance. "The rule of 'invited error,' a corollary of the principle of equitable estoppel, prohibits a party who induces error in the trial court from taking advantage of such error on appeal."State. v. Woodruff (1983), 10 Ohio App.3d 326-27. It is a general rule of a law that a party who invites an error may not demand from the appellate court comfort from its consequences. See State v. Chappell (1994), 97 Ohio App.3d 515, 537. In the present case, given that the defense opened the door during its direct examination of Appellant, we find no error in the trial court's decision to allow the testimony into evidence. See, e.g., State v. Greer (1988), 39 Ohio St.3d 236, 243; State v.Hartford (1984), 21 Ohio App.3d 29, 31.
Appellant further maintains the trial court erred in failing to administer a proper limiting instruction to the jury. It is well established that where evidence of other acts is admitted for one of the limited purposes enunciated in Evid.R. 404(B), the jury should be instructed as to the limited purpose for which the evidence is admitted and admonished not to consider the evidence as any proof that the accused did any act alleged in the indictment. State v. Flonnory (1972), 31 Ohio St.2d 124.
In the case sub judice, the pertinent evidence was not admitted for one of the limited purposes enumerated in Evid.R. 404(B).[3] Nevertheless, prior to the rebuttal testimony, the trial court issued a correct limiting instruction to the jury.[4]
We do note, however, that the trial erroneously instructed the jury as follows: "[A]nything of a date other than June 28thcannot be used to show motive, opportunity, intent, preparation, plan, [or] knowledge of June 28th." (Emphasis added.) The trial court's instruction is in direct contravention of the law set forth in Evid.R. 404(B). However, to the trial court's erroneous instruction, the trial judge correctly informed the jury as follows: "Any evidence that he may have done things on other dates is not to be used by you to determine whether he did it on June 28th." Therefore, we find that the trial court's erroneous instruction was harmless beyond a reasonable doubt. For the reasons aforementioned, Appellant's claims are without merit.
Accordingly, Appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The court erred when it denied the admission of Defendant's exhibits.
Appellant asserts in his second assignment of error that the trial court erred in overruling his motion to introduce several defense exhibits into evidence. For the reasons that follow, we do not agree.
R.C. 2945.10 controls the order of trial proceedings. The Supreme Court of Ohio has held that any decision to vary the order of the proceedings is within the sound discretion of the trial court, and any claim that the trial court erred by not following the statutorily mandated order of proceedings must sustain a heavy burden to demonstrate the unfairness and prejudice of not following that procedural order. State v.Jenkins (1984), 15 Ohio St.3d 164, 215, certiorari denied (1985), 472 U.S. 1032, rehearing denied (1985), 473 U.S. 927. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Maurer
(1984), 15 Ohio St.3d 239, 253, certiorari denied (1985),472 U.S. 1012, rehearing denied (1985), 473 U.S. 924.
In the present case, the defense had rested its case and had failed to offer into evidence several photographs of the interior and exterior of the home taken shortly after the incident in question. Prior to rebuttal testimony the defense requested that the trial judge admit the photographs into evidence. The trial judge, however, overruled the request based upon the defense's failure to introduce the exhibits in a timely fashion.
Upon a review of the record, we cannot say that the trial court abused its discretion in failing to allow the defense to introduce the exhibits into evidence. As the trial judge noted, the jury had previously viewed the photographs and had also heard testimony regarding the photographs. Therefore, the jury already had the opportunity to take them into consideration. For these reasons, we conclude that the trial judge acted within his discretion in overruling the defense's request.
Accordingly, Appellant's second assignment of error is overruled.
Assignment of Error No. 3
 The court erred in allowing rebuttal testimony over the objection of the Defendant when the nature of the rebuttal testimony was concerning past acts of violence and all actual relevant testimony taken on rebuttal was capable of being presented in the case in chief.
Appellant asserts in his third assignment of error that the trial court erred in permitting the testimony of rebuttal witness Ms. Brookhart. For the following reasons, we do not agree.
Rebuttal evidence has been defined as "that which is given to explain, repel, counteract, or disprove facts given in evidence by the adverse party." Nickey v. Brown (1982), 7 Ohio App.3d 32,35. It is well established that a party has an unconditional right to present rebuttal testimony on matters that are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief.Phung v. Waste Mgmt., Inc. (1994), 71 Ohio St.3d 408, citingKatz v. Enzer (1985), 29 Ohio App.3d 118, 123. The proper scope of rebuttal testimony is within the sound discretion of the trial court. State v. Vails (1970), 22 Ohio St.2d 103, 105-106. Thus, a trial court's decision regarding the scope of rebuttal testimony will not be reversed absent an abuse of discretion.State v. Graven (1978), 54 Ohio St.2d 114, 115.
We must now determine whether the trial court erred in allowing into evidence the testimony of rebuttal witness Ms. Brookhart. As we previously stated, any evidence of a defendant's prior bad acts is inadmissible to demonstrate that the defendant has a propensity or inclination to commit the offense in question. Mann, 19 Ohio St.3d at 36; see, also, Evid.R. 404(B). In the present case, the defense initially failed to object to Ms. Brookhart's testimony that she struck Appellant because she feared similar retribution that she had experienced in the past. During its case-in-chief, the defense then opened the door into the past bad acts of Appellant.
We find that if the defense counsel had objected to Ms. Brookhart's testimony regarding the past bad acts of Appellant and, likewise, had not opened the door to further inquiry of his past bad acts upon direct examination, the testimony would likely have been inadmissible pursuant to Evid.R. 404(B).[5]
Therefore, the State would not likely have been able to address these matters during its case-in-chief. For these reasons, the State had an unconditional right to present rebuttal testimony on the subject.
Accordingly, Appellant's third assignment of error is overruled.
Assignment of Error No. 4
 The Defendant filed a motion for a new trial on September 22, 1998[,] which the court arbitrarily denied on October 8, 1998.
Appellant asserts in his final assignment of error that the trial court improperly denied his motion for a new trial. For the reasons stated below, we do not agree.
Crim.R. 33(A) states in pertinent part:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights. (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state; (3) Accident or surprise which ordinary prudence could not have guarded against[.]
A trial court's decision to grant or deny a motion for new trial is not reversible upon appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, syllabus. An abuse of discretion exists where the record shows that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410,413. The discretionary decision to grant a new trial is an extraordinary measure, and should be used only when the evidence presented weighs heavily in favor of the moving party.State v. Otten (1986), 33 Ohio App.3d 339, 340.
In the present case, Appellant maintains that the prosecutor committed prejudicial misconduct by having the victim's daughter, Mandy, testify as a rebuttal witness. Appellant also asserts that he was not given adequate notice that the Mandy would testify, and further maintains that her testimony was perjured.
In the case sub judice, Mandy testified that she was at the home just prior to the altercation. We have thoroughly reviewed Mandy's testimony, and we can find no merit in Appellant's claim that her testimony was perjured. We also note that Appellant failed to object to the witness having been called to testify, and also failed to object to the substance of her testimony. Therefore, we may not reverse absent plain error.Long, 53 Ohio St. at 97. Upon a review of the record, we cannot in good conscience say that but for the failure to object, the result of the trial would have been different. Therefore, we find Appellant's claims lack merit.
For these reasons, we find that the trial court acted within its discretion in overruling Appellant's motion for a new trial. Accordingly, Appellant's final assignment of error is overruled.
Having found no error upon which to reverse the decision of the trial court, the same is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] The proceedings of September 9, 1998, reveal the following:
Defense: "Don, at any of these times were you violent with her? Appellant: "Yeah."
[2] The proceedings of September, 9, 1998, reveal the following:
Prosecution: "In the period of time that you lived with [Appellant], how many incidents have there been where [Appellant] has directed acts of physical violence against you?"
[3] We reiterate that the testimony was admissible due to invited error.
[4] The proceedings of September 9, 1998, reveal the following:
The Court: "What may have happened in January, what may have happened in March, what may have happened in May is not what happened on June 28th; and the issue at hand when you get to deliberate is on or about June 28, 1998 * * * did * * * [Appellant] do those particular acts of domestic violence we talked about. Whether he may or may not have in January or March or May does not determine whether he did it in June."
[5] Given that the testimony was admissible due to invited error, we will not address whether the testimony was admissible pursuant to one of the enumerated purposes in Evid.R. 404(B).