[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Harold Enoch, appeals the judgment of the Hamilton County Court of Common Pleas entered upon the jury verdicts finding him guilty on two counts of aggravated assault as offenses of inferior degree to the two counts of felonious assault for which he had been indicted. The court merged the counts and sentenced Enoch on a single count of aggravated assault to eighteen months of confinement, with credit for time served.
On the afternoon of July 25, 2000, Enoch visited an acquaintance, Henry Robinson, at Robinson's home at 1328 Republic Street in Cincinnati, a location described by police officers testifying at trial as a "crack house" where they had made multiple arrests. Robinson told Enoch that John Harris had punched him earlier that day in an altercation over what Robinson described as "pain pills" that Robinson had been taking in the course of his treatment for cancer. Enoch knew Harris and went to look for him to warn him not to hit Robinson again.
Just before Enoch confronted Harris, Harris had been involved in a fistfight with someone described as a "dope boy." Harris then began to struggle with Enoch. A witness for the prosecution testified that Harris, who then weighed 275 pounds, sat astride Enoch, who then weighed 175 pounds, and "pound[ed]" him with his fists. Enoch broke loose, seized a piece of wooden casing studded with nails, and struck Harris in the head with such force that the stick broke. As Harris lay prone, face down on the sidewalk, and, in the words of the witness, "defenseless" and "damned near dead," Enoch continued to beat him in the head. Then Robinson joined the fight, hitting Harris with another stick.
Police and emergency medical personnel were summoned. Harris was admitted to a hospital for treatment of injuries that included a broken jaw and a fractured left orbital cheekbone. He remained hospitalized for eight days before being transferred to a long-term care facility, where he was treated for a month and a half. At the time of Enoch's trial on November 13, 2000, Harris was still suffering the physical effects of the beatings.
At trial, Enoch claimed that he had acted in self-defense. He asserted that Harris had been the aggressor, and that his use of force against Harris had been justified as a reaction to an attack by a physically superior man.
The first of Enoch's four assignments of error is that the trial court erred in granting the prosecution's request that the jury be charged on aggravated assault, because the charge gave the jury a "compromise option." Enoch argues that, without the charge, given the confusion of the evidence, the jury would have found him not guilty of the primary charges of felonious assault.
After the defense had completed its examination of its first witness, the state moved the court to include within its general charge an instruction on aggravated assault as an offense of inferior degree to felonious assault. Aggravated assault is, in law, an offense of inferior degree to felonious assault. See State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, paragraph two of the syllabus (construing R.C. 2945.74
and Crim.R. 31[C] to hold that "[a]n offense is an `inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements"). When, as here, a defendant presents in a trial for felonious assault evidence of serious provocation, an instruction on aggravated assault must be given. See id., paragraph four of the syllabus. Resultantly, the first assignment is without merit and is overruled.
The second assignment of error is that the verdicts finding Enoch guilty of aggravated assault were erroneous because the evidence that he had acted in self-defense preponderated, i.e., Enoch had proved by a preponderance of the evidence that he had not been not at fault in creating the affray, that he had acted upon a reasonable belief that he was in immediate danger of bodily harm at the hands of Harris, and that the only way that he could have protected himself was to use the force he had employed.
The state concedes that reasonable minds could have concluded that Harris had provoked Enoch to the point of sudden rage, but stresses that Enoch had broken free from the first fight only to renew the affray by returning with the nail-studded wooden casing and using it to bludgeon Harris so brutally as to fracture his jaw and cheekbone, even as Harris lay prone and virtually unconscious. Therefore, the issue of self-defense as defined in law was one for the jury to decide.
We hold that the second assignment is not well taken on authority ofState v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, State v.Barnes (1987), 25 Ohio St.3d 203, 495 N.E.2d 922, and State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Therefore, it is overruled.
The third assignment of error is as follows:
 It was error for the court to excuse a juror who was not comfortable sitting on the case.
 After the jury had been selected and sworn, and the jurors had been given a brief statement of what duties their service would entail, a member of the panel approached the court's bailiff to express misgivings and reservations about continued service on the jury because of "major concerns about policemen handling young blacks." In the presence of both counsel but outside the presence of the other jurors, the judge presiding over the trial engaged in a patient, thorough discussion with the juror, during which her concerns were explored in depth. Ultimately, the juror said, "I would not like to sit on this jury," adding to that statement words that declared her discomfort and preference not "to be [t]here," all of which prompted the court to grant the state's challenge for cause and to excuse the juror.
It has become axiomatic that a challenge for cause will not be overturned on appeal unless it appears that the trial court abused its discretion, i.e., that the court's ruling was arbitrary, unconscionable or unreasonable. See State v. Vails (1970), 22 Ohio St.2d 103,258 N.E.2d 225. Given the painstaking explanation and inquiries from the bench and the juror's responses, the record persuades us that the court did not abuse its discretion in excusing her. Therefore, the third assignment must be, and is, overruled.
The fourth assignment is that the verdicts were contrary to law and denied Enoch due process of law because the evidence was insufficient to justify submission of the case to the jury, and that the jury's verdicts were contrary to the manifest weight of all the evidence. It is overruled for the reasons given for our rejection of the second assignment, viz., that the evidence was legally sufficient, and on the authority of Tibbsv. Florida (1982), 457 U.S. 31, 102 S.Ct. 221, State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, State v. Barnes, supra, and State v.Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.